IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARIA CUNNINGHAM,

        Petitioner,

v.                                        Civil Action No. 5:05CV80
                                            Criminal Action No. 5:04CR20-04
                                            (JUDGE STAMP)

UNITED STATES OF AMERICA,

        Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On June 6, 2005, the *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. The Government filed its response June 21, 2005.

### II. FACTS

**A.**     **Conviction and Sentence**

On September 13, 2004, Petitioner signed a plea agreement in which she agreed to plead guilty to Count 9, aiding and abetting distribution of cocaine base within 1,000 feet of a public housing facility in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(c), 860, and Title 18, Section 2. Paragraph 2 of the plea agreement stated the maximum penalty for the offense was not less than one (1) year nor more than 40 years imprisonment, a fine of $2 million, a mandatory special assessment of $100.00, and a term of **AT LEAST SIX (6) YEARS SUPERVISED RELEASE**. (emphasis added). In the plea agreement, the parties stipulated to total drug relevant conduct of not less than 2 nor more than 3 grams of cocaine base, also known as crack. Additionally, the Petitioner waived her right to appeal and to collaterally attack her sentence under

certain circumstances. Specifically, the Petitioner's plea agreement contained the following language regarding her waiver:

> 10. Ms. Cunningham is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions made by the United States in this plea agreement if the Court finds that the applicable guideline is level 19 or less than the defendant knowingly and voluntarily waives the right to appeal her sentence or in the manner in which that sentence as determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742. The defendant also waives her right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus) where the sentence is based on level 19 or less. If the court departs upward or downward from the guideline range, the party opposing the departure has the right to appeal the departure. However, neither party has the right to appeal the Court's denial of either an upward or downward departure. Otherwise than stated herein, in exchange for defendant's waiver, the United States waives its right to appeal. In the event that there would be an appeal however, each party reserves the right to argue in support of the sentence.

On September 23, 2004, the petitioner entered her plea in open court. During the plea hearing, the Government stated that a part of the maximum penalties was "a term of [at] least six years supervised release." (Plea transcript p. 4). The Court also stated a part of the maximum penalties was "[at] least six years of supervised release (Id., p. 10).

On January 4, 2005, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the defendant, and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of thirty-three (33) months imprisonment, six years of supervised release, and a $100.00 special assessment.

**B.** **Appeal**

Petitioner did not appeal.

**C.** **Federal Habeas Corpus**

Petitioner contends that the part of her sentence of six (6) years of supervised release exceeds the maximum term of supervised release under the statute and sentencing guidelines (specifically 5D1.2). She also contends she received a disparate sentence from her co-defendants.

The Government contends Petitioner was given the minimum possible term of supervised release – six (6) years. The Government also contends that all co-defendants received a six (6) year term of supervised release.

**D.**     **Recommendation**

Based upon a review of the record, the undersigned recommends that the Petitioner's § 2255 motion be **DENIED** and **DISMISSED** from the Court's docket.

### III. ANALYSIS AND DISCUSSION

**A.**     **Term of Supervised Release**

Title 21 U.S.C. § 860(a) provides in pertinent part that any person convicted of a violation of § 841(a)(1) within 1,000 feet of a public housing authority facility is subject to "at least twice any term of supervised release authorized by" § 841(b). Title 21 U.S.C. § 841(b) provides in pertinent part for a first offense that when a sentence of imprisonment is imposed the district judge must "impose a term of supervised release of at least 3 years in addition to such term of imprisonment." Thus, the minimum term of supervised release is six years.

Title 18 U.S.C. 3583(a) and U.S.S.G. § 5D1.2(a) provide for a term of supervised release of at least three years but not more than five years for a Class A or B felony. Section 5D1.2(a) of the sentencing guidelines also indicates the term of supervised release is except as provided for in sections (b) and (c). Section (c) provides that the term of supervised release shall not be less than any statutorily required term of supervised release.

In <u>United States v. Pratt</u>, 239 F.3d 640, 647 (4th Cir. 2001) the Fourth Circuit Court of Appeals held that § 3583 does not cap the period of supervised release that a district court may impose when the statutory minimum is the same as or exceeds the maximum periods provided in § 3583. Furthermore, in <u>United States v. Good</u>, 25 F.3d 218, 220 n. 3 (4th Cir. 1994), the court stated that because the terms of supervised release specified in § 3583 are qualified by the words "except as otherwise provided," the statute "creates an exception for those special statutes, such as drug offenses, which carry their own mandatory minimum periods of supervised release." Hence, § 3583 does not require a term of supervised release less than six years in Petitioner's case.

One can only conclude that Petitioner is mistaken as to the maximum period of supervised release in her case and that the district court was required to impose a six (6) year term of supervised release as the minimum period provided by statute.

**B.     Disparate Treatment**

Petitioner had five (5) co-defendants in 5:04CR20, namely, Ellsworth (01), Rivers (02), Mosby (03), Robertson (05), and Nesbitt (06). Ellsworth was sentenced to six (6) years supervised release (Doc. No. 131). Rivers was sentenced to six (6) years supervised release (Doc. No. 115). Mosby was sentenced to six (6) years supervised release on Count 3 (Doc. No. 144). Robertson was sentenced to six (6) years supervised release (Doc. No. 9, in case number 5:04CR23). Nesbitt was sentenced to six (6) years supervised release (Doc. No. 105).

Since all co-defendants were sentenced to the same period of supervised release as Petitioner, there is no factual basis for her claim of disparate treatment.

## VI. **RECOMMENDATION**

The undersigned recommends that the Court enter an order **DENYING** and **DISMISSING WITH PREJUDICE**, the Petitioner's § 2255 motion (Doc. No. 148).

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeals from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner.

DATED: March 23, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE