IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARIA CUNNINGHAM,

    Petitioner,

v.

                              Civil Action No. 5:05CV80
UNITED STATES OF AMERICA,    (Criminal Action No. 5:04CR20-04)
                                                (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

Pro se petitioner, Maria Cunningham, filed an application in this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. The matter was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.15. The respondent filed a response in opposition. Magistrate Judge Seibert issued a report and recommendation recommending that the petitioner's § 2255 application be denied and dismissed with prejudice. The petitioner did not file objections.[1]

---

[1] On April 4, 2007, the report and recommendation was returned to the Court marked "Return to Sender." On June 6, 2005, the Clerk's office sent the petitioner a Notice of General Guidelines for Appearing Pro Se in Federal Court. Such notice advised the petitioner that failure to keep the Court advised of her current address at all times might result in her action being dismissed.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because no objections have been filed, this Court will review the report and recommendation of the magistrate judge for clear error.

## III. Discussion

The petitioner pled guilty to aiding and abetting distribution of cocaine base within 1,000 feet of a public housing facility in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(c), 860 and 18 U.S.C. § 2. In her petition, the petitioner challenges the sentencing court's imposition of a six-year term of supervised release following her sentence. The petitioner argues that the term exceeds the maximum term authorized by statute and by the sentencing guidelines. The petitioner also argues that she received a disparate sentence from her co-defendants with respect to supervised release.

Magistrate Judge Seibert concluded that the petitioner is mistaken as to the maximum term of supervised release that is permitted. See 21 U.S.C. § 860(a)(any person convicted of a

2

violation of 21 U.S.C. § 841(a)(1) within 1,000 feet of a public housing facility is subject to "at least twice any term of supervised release authorized by section 841(b)"). Magistrate Judge Seibert also found that all five co-defendants in the petitioner's case received the same six year term of supervised release, and thus, no factual basis exists for the petitioner's disparate treatment claim. The findings of the magistrate judge are not clearly erroneous.

III. Conclusion

Because, after a review for clear error, this Court concludes that the magistrate judge's recommendation is proper, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation. Accordingly, it is ORDERED that the petitioner's § 2255 petition be DENIED and DISMISSED WITH PREJUDICE. It is further ORDERED that this case be DISMISSED with prejudice and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Because the petitioner has failed to object, she has waived her right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: April 8, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE